10-569-ag
Liu v. Holder

BIA
Nelson, IJ
A094 824 987

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>AMENDED SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand eleven.

PRESENT:
>      PIERRE N. LEVAL,
>      PETER W. HALL,
>      DEBRA ANN LIVINGSTON,
>           *Circuit Judges.*

_____

XIAOBIN LIU,
>      *Petitioner,*

>      v.                                    10-569-ag
>                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:        Nathan Weill, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Timothy G. Hayes, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part, DENIED in part, and GRANTED in part.

Xiaobin Liu, a native and citizen of China, seeks review of a January 20, 2010, decision of the BIA affirming the March 12, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), based on the forcible insertion of an intrauterine device ("IUD"). *In re Xiaobin Liu*, No. A094 824 987 (B.I.A. Jan. 20, 2010), *aff'g* No. A094 824 987 (Immig. Ct. N.Y. City Mar. 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4); *see also Salimatou Bah v. Mukasey*, 529 F.3d 99, 110-11 (2d Cir. 2008); *Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir. 2007).

We first address our jurisdiction over Liu's claim that the agency erred in determining that her application for asylum was untimely. Section 1158(a)(3) of Title 8 of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B) or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, we retain jurisdiction to review "constitutional claims" and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

Liu argues first that the agency erred as a matter of law by allegedly determining that credible testimony alone, without corroboration, cannot establish by clear and convincing evidence that an asylum application was filed within one year of entry into the United States. To the contrary, however, the agency found that, based on the lack of credible detail and consistency in Liu's testimony, Liu did not demonstrate by clear and convincing evidence her date of entry into the United States. This finding by the agency was a factual determination regarding the timeliness of Liu's asylum application that we lack jurisdiction to review. *See*

3

8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 323-32 (2d Cir. 2006).

Liu also argues that her constitutional due process rights were violated when the IJ declined to grant her a continuance in order to present a witness who allegedly could testify as to her date of entry into the United States. However, "[a] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Saloum v. U.S. CIS*, 437 F.3d 238, 243 (2d Cir. 2006) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)); *see also Xiao Ji Chen*, 471 F.3d at 330-32. Here, Liu simply re-characterizes an allegation that the IJ abused her discretion as a constitutional issue. *Saloum*, 437 F.3d at 243. Accordingly, because Liu has failed to present any constitutional claim or question of law regarding the agency's finding that her application was untimely, we lack jurisdiction to review the IJ's denial of her asylum claim. *See* 8 U.S.C. 1158(a)(3); *Xiao Ji Chen*, 471 F.3d at 323-32.

Regardless whether her application for asylum was timely, *see supra*, we may review Liu's challenge to the agency's

4

disposition of her withholding of removal claim.* Liu contends that the IJ abused her discretion in denying a continuance as to this claim. An IJ has the authority to grant a continuance "for good cause shown," 8 C.F.R. § 1003.29, and we review the BIA's affirmance of an IJ's decision to deny a motion for a continuance for abuse of discretion, *see Kulwinder Singh v. U.S. DHS*, 526 F.3d 72, 81 (2d Cir. 2008); *Sanusi v. Gonzales,* 445 F.3d 193, 199 (2d Cir. 2006). In this case, the IJ did not abuse her discretion in denying the continuance, as Liu had ample opportunity to introduce corroborative evidence regarding her arrival date. *See Morgan v. Gonzales*, 445 F.3d 549, 551-53 (2d Cir. 2006).

Lastly, Liu contends that the agency erred in determining that she did not establish that she suffered past persecution based on the forcible insertion of an IUD. In light of our decision in *Mei Fun Wong v. Holder*, —--F.3d---, 2011 WL 293762 (2d Cir. Feb. 1, 2011), we remand this claim to the agency for further proceedings.

To establish past persecution based on the involuntary insertion of an IUD, Liu must establish that (1) the IUD was

---

*Because Liu has failed sufficiently to argue her eligibility for CAT relief before this Court, we deem any such argument waived. *See Yeuqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 547 n.7 (2d Cir. 2005).

inserted because of her resistance to a family planning policy, or another protected ground, rather than as a routine part of the population control program; and (2) the IUD insertion was accompanied by "aggravating circumstances." *Xia Fan Huang v. Holder*, 591 F.3d 124, 128-30 (2d Cir. 2010) (according *Chevron* deference to the BIA's decision in *Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633 (BIA 2008)). In *Mei Fun Wong*, however, we remanded for the BIA to articulate standards for determining whether an asylum applicant has established aggravating circumstances and to clarify how it determines whether the applicant was subjected to the forcible insertion of an IUD on account of her resistance to China's family planning policy or other protected grounds. *Mei Fun Wong*, 2011 WL 293762, at *10-*15. For the reasons discussed in *Mei Fun Wong*, we cannot adequately evaluate the BIA's determination here that Liu did not establish that she suffered past persecution when she was subjected to the forcible insertion of an IUD. *Id.* Thus, we remand this case to the BIA for further proceedings in light of *Mei Fun Wong*.

For the foregoing reasons, the petition for review is DISMISSED in part, DENIED in part, and GRANTED in part; the order of removal is VACATED; and the case is REMANDED to the

6

BIA for proceedings consistent with this decision.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk